# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| PAUL ANTHONY SMITH, | ) |   |
|---|---|---|
| Plaintiff, | ) |   |
| vs. | ) | CIVIL NO. 08-cv-871-JPG |
| DONALD HULICK, et al., | ) |   |
| Defendants. | ) |   |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Paul Anthony Smith, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the

complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action subject to summary dismissal.

**FACTS ALLEGED**

Smith seeks relief for an allegedly unfair treatment during a disciplinary action taken against him on June 26, 2008. Smith states the Adjustment Committee, against the Menard Correctional Center's policies, failed to permit his witnesses to testify. Smith was told that his witnesses were not called because he failed to sign the bottom of his ticket, though Smith is unaware of such a rule. In the report that Smith subsequently received detailing the events of the hearing, not only was there no mentioned of his witness request, the statements leading to his ticket were also misrepresented. Smith thus contends his rights were violated on two procedural grounds. First, that he was unlawfully prohibited from calling witnesses at his disciplinary hearing. Second, the Adjustment Committee's investigation regarding the disciplinary hearing was poorly executed, evidenced by the errors in its report.

Smith appealed through the Menard Correctional Center's formal appeals process, though Grievance Officer Jodi Suhre did not reinvestigate the matter as Smith had requested. The appeal was subsequently denied. Smith also wrote a series of letters to Warden Donald Hulick and Lieutenant Charles Parnell of the Adjustment Committee in an attempt to correct the situation. Smith is suing Officer Suhre, Warden Hulick, and Lieutenant Parnell for the above-mentioned actions involving his plight with the disciplinary process.

**DISCUSSION**

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property"

without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Smith cites the decision in *Wolff v. McDonnell*, 418 U.S. 539 (1974), where the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572. Since that time, however, the Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force. . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).

In the instant case, Smith alleges that because he was not granted a fair hearing, he was placed in disciplinary segregation in violation of his right to procedural due process. However, he has no protected liberty interest in remaining in general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship). In addition to 3 months segregation, Smith was also subjected to three months C-grade and three months commissary restriction. These actions do not address liberties protected under due process.

**DISPOSITION**

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Smith is advised that the dismissal of this action will count as one

of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004). All pending motions are now **MOOT**.

**IT IS SO ORDERED.**

**Dated: June 15, 2009.**

                **s/ J. Phil Gilbert**
                **U. S. District Judge**